EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* HÉCTOR R. VILLANUEVA ALVAREZ, acusado y apelante.

*Número:* CR-76-73    *Resuelto:* 30 de septiembre de 1976

*Wilfredo Rodríguez Figueroa,* abogado del apelante; los abogados de El Pueblo no comparecieron.

### SENTENCIA

San Juan, Puerto Rico, a 30 de septiembre de 1976

Al llegar una mujer joven al condominio "La Alhambra" donde residía, un individuo en uniforme de guardia de seguridad se metió dentro del ascensor con ella, le obligó a acostarse en el piso, le bajó el *pantie hose* y un pantie adicional que ella usaba y empezó a masturbarse. El acusado evadió personas que deseaban utilizar el ascensor en el piso 7° diciendo a dos señoras que la ofendida había sufrido un desmayo. Lo detuvo en el piso 5° y la sacó al pasillo donde le

ordenó se acostara en el piso y abriera las piernas y en determinado momento se fue sobre ella interrumpiendo la operación la llegada en el ascensor de una de las damas del piso 7° a quien el frustrado le dijo que no llamara la policía y desapareció. La joven mostraba lesiones sangrantes en la cara y una oreja.

Procesado y convicto, luego de renunciar al jurado, por tentativa de violación, el acusado apela la sentencia de 6 a 10 años de prisión, y en el alegato de la Sociedad para Asistencia Legal que admitimos aún después de denegada una quinta moción de prórroga y dar el recurso por sometido, se hacen diez (10) señalamientos de error, todos de patente frivolidad, que pueden sintetizarse los primeros cinco, en ataque a la suficiencia y credibilidad de la prueba, error en el procedimiento de identificación; y los restantes los reproducimos literalmente: "6. Erró el Tribunal de Instancia al encontrar convicto y culpable al apelante habiéndosele violado su derecho a ser conducido ante un magistrado sin dilación innecesaria; 7. Erró el Tribunal de Instancia al encontrar que no se le había violado al apelante su derecho a juicio rápido; 8. Erró el Tribunal de Instancia al negar la solicitud del apelante de que se le dictara sentencia en el momento; 9. Erró el Tribunal de Instancia al no permitir a la defensa una línea de interrogatorio violándose el derecho de confrontación del apelante; 10. Erró el Tribunal de Instancia al imponer una sentencia tan excesiva en un caso como el de autos."

La prueba, transcrita en 173 páginas de récord taquigráfico, sostiene el fallo de convicción y habiendo el juzgador dirimido el conflicto entre la de cargo y la coartada de la defensa, no vemos razón para intervenir con su apreciación. El acusado fue localizado cuatro días después de los hechos, citado un mes después de los hechos y la denunciante no tuvo dificultad alguna en identificarlo en la rueda (*lineup*) organizada en el Cuartel de la Policía de Hato Rey un mes

después. Ella demostró tener una imagen clara([1]) del apelante que la retuvo por unos quince minutos (T.E. pág. 61) por lo que la rueda de identificación no era necesaria. La posición de la defensa cuestionando la identificación porque la rueda de detenidos se organizó *antes* de presentar denuncia es insostenible. En los casos que exijan este medio alterno de identificación, el resultado obtenido en el *lineup* es elemento vital para la determinación de causa probable. La Regla de Procedimiento Criminal 6 ordena traer ante un magistrado al arrestado, no al simplemente localizado como sujeto central de la investigación.

Los hechos delictuosos tuvieron lugar el 28 de marzo de 1974 y el juicio el 19 de diciembre del mismo año. No hemos encontrado en autos moción alegando supresión del derecho a juicio rápido. Lo que sí hay es notificación de la defensa de coartada (RPC 74) y moción para inspección de evidencia documental (RPC 95) presentadas por el acusado en noviembre de 1974, apenas tres semanas antes del juicio. Renunciado este derecho en instancia no puede suscitarse en apelación.

No hubo error del juez sentenciador en posponer la lectura de sentencia (que el acusado pidió de inmediato) para considerar la posibilidad de un informe pre-sentencia. Tampoco erró el juez al no permitir una pregunta insubstancial sobre materia no comprendida en el interrogatorio directo.

La pena impuesta de 6 a 10 años no es excesiva y está comprendida en el ámbito de sanción para la tentativa de violación que es de 1 a 14 años de reclusión (Art. 222 Código Penal (33 L.P.R.A. sec. 761)), y su mínimo se ajusta al principio de sentencia indeterminada en las circunstancias de este caso.

---

[1] Contestando al examen directo en el acto del juicio, la agraviada identificó a su asaltante como "el individuo que está sentado allí que anteriormente tenía bigote, pero que ahora no lo tiene." (T.E. págs. 25 y 57.)

Ya en ocasión anterior este Tribunal en un caso de tentativa de violación concebida por un chofer de taxi, dijimos que "no podemos eludir nuestro deber de hacer efectivas las leyes y . . . de garantizar que las damas en Puerto Rico puedan utilizar un taxi sin riesgo de ser violadas o atacadas por el conductor del vehículo." *Pueblo* v. *Tirado Santos*, 91 D.P.R. 210, 214 (1964). Con no menos energía hemos de proteger nuestras mujeres en el último y acosado reducto de seguridad que es el hogar.

La sentencia dictada el 24 de febrero de 1975 por el Tribunal Superior (San Juan) en su caso Criminal Núm. G-74-1858, es por la presente, confirmada.

Así lo pronunció y manda el Tribunal y certifica el Secretario. El Juez Asociado Señor Rigau emitió opinión disidente.

(Fdo.) Ernesto L. Chiesa

*Secretario*

—O—

Opinión disidente del Juez Asociado Señor Rigau.

San Juan, Puerto Rico, a 30 de septiembre de 1976

Siento tener que disentir en este caso. La opinión mayoritaria confirma una convicción por tentativa de violación y una sentencia de 6 a 10 años de presidio.

He leído íntegra la transcripción de la evidencia. Estimo que la misma no demuestra una tentativa de violación, sino que demuestra la comisión del delito de acometimiento y agresión grave, 33 L.P.R.A. sec. 826(5) y del delito de exposición lasciva, 33 L.P.R.A. sec. 1171. Los hechos fueron cometidos bajo la vigencia del Código Penal anterior y por eso a él nos remitimos.

El apelante es a todas luces un enfermo sexual. Su interés aparentemente es el siguiente: mirar las partes de la

mujer mientras se masturba. Para ello tiene que cometer agresiones, porque difícilmente encuentra mujeres que lo complazcan en su capricho. No digo esto como excusa sino como explicación de una realidad. Cualquiera que esté medianamente iniciado en la sicología anormal sexual sabe que se trata de una aberración sexual bastante común.

La perjudicada al hacer su declaración jurada ante el fiscal no declaró nada sobre la tentativa de violación. La idea surge después, en el juicio. Al ser repreguntada sobre tan importante omisión dijo que declaró al fiscal "Todo lo que yo me creía que había ocurrido." T.E. pág. 41. ¿Acaso alguien que no presenció los hechos añadió que había ocurrido algo más?

También en la repregunta la perjudicada declaró que el apelante "No estaba encima de mí, pero estaba casi encima de mí." T.E. pág. 39. Es de conocimiento general que para violar a una mujer o para tratar de violarla, si la misma está acostada como estaba la perjudicada, el agresor tiene que estar encima de ella, o tiene que tratar de colocarse encima de ella.

La declaración sobre la tentativa de violación es, a mi juicio, un poco artificial. Declaró la testigo "Entonces él cogió y se viró hacia encima de mí, casi para penetrarme con el miembro . . . ." T.E. pág. 23. En primer lugar, nótese que la testigo no dice que el apelante se situó encima de ella, sino que "se viró hacia encima de mí." Considero esa declaración bastante evasiva. También nótese que dice "casi" para penetrarme. No se comete violación "casi" penetrando; para cometerla hay que penetrar y para cometer la tentativa de violación hay que tener la intención de penetrar, no de "casi" penetrar.

Deseo señalar también la naturaleza profesional de la declaración. Dice la testigo que él se viró hacia ella casi para "penetrarme." Piensa uno que le faltó decir "La más leve

penetración basta," y que citara tomo y página de las Decisiones de Puerto Rico.

También como cuestión de realidad un hombre que desea violar a una mujer no se masturba primero. No creo que haya que elaborar más sobre esto.

Puede pensarse que si el apelante ha de ir a la cárcel ¿qué más da que vaya por un delito o por otro? Sobre eso creo que el hecho de que el apelante haya cometido un error no justifica que nosotros cometamos otro. Estimo que debemos mantener nuestro Derecho claro. No hay duda de que merece reprobación el acto del apelante y que debe ser castigado por ello por el efecto disuasivo que el castigo tiene. Pero para eso hay legislación expresa en el Código Penal.

Entiendo que la prueba demostró la comisión de los delitos de acometimiento y agresión grave y de exposición lasciva. No creo que demostró la intención de violar, ni que demostró que el apelante tratase de cometer violación, elementos estos que son *sine qua non* del delito de tentativa de violación. Con todo respeto para otros puntos de vista, por lo que antes he expresado, disiento.